# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 13, 2006

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

127459

BRUCE BEHNKE,
        Plaintiff-Appellee,

v

AUTO OWNERS INSURANCE CO.,
        Defendant-Appellant,

and

ESTATE OF KAREN MCLEAN,
        Defendant.
_____/

SC: 127459
COA: 248107
Chippewa CC: 01-005523-NI

On December 14, 2005, the Court heard oral argument on the application for leave to appeal the September 16, 2004 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(G)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REINSTATE the judgment of the Chippewa Circuit Court for the reasons stated by Court of Appeals Judge Griffin in Part III of his dissent:

### III. General Ability to Lead His Normal Life

Regarding the third prong, the *Kreiner* [*v Fischer*, 471 Mich 109 (2004)] Court offered the following guidance:

> Determining whether the impairment affects a plaintiff's "general ability" to lead his normal life requires considering whether the plaintiff is "generally able" to lead his normal life. *If he is generally able to do so, then his general ability to lead his normal life has not been affected by the impairment.* [*Kreiner, supra*, slip op, p 24; emphasis added.]

In the present case, the trial judge found that plaintiff was "generally able" to lead his normal life, despite occasional headaches and neck pain. In particular, the court made the following findings of fact:

As a result of the accident plaintiff was never hospitalized nor underwent surgery. He was off work for eight weeks, but has since worked full time both as a welder and a sawyer. He went to physical therapy on one occasion and did not return. No doctor has placed plaintiff on medical or work restrictions. Further, the headaches and neck pain do not limit range of motion other than such motion normally associated with headaches and occasional neck pain. Currently, plaintiff takes non-prescription medication for his headaches.

\* \* \*

The evidence established that plaintiff has continuing intermittent neck pain and headaches. However, his ability to work has not been medically restricted, even though the pain sometimes causes him to take additional breaks. Plaintiff has no physician-imposed restrictions on his daily activities and plaintiff is still able to work, drive, socialize, travel, take care of himself and otherwise engage in the normal activities of life. Plaintiff testified that when the headaches and neck pain occur, he is less active and limits his usual activities. At that point, he self-medicates with over the counter pain medications. Plaintiff also testified that while engaging in sexual relations with his wife, he occasionally experiences severe spasms. But, plaintiff also testified he has a very good intimate relationship with his wife despite these recurring spasms. *Although these minor lifestyle changes are undoubtedly frustrating, they do not affect plaintiff's ability to lead his normal life.* [Emphasis added.]

Based on the evidence presented, these findings of fact are not clearly erroneous. MCR 2.613(C). Further, after applying *Kreiner* to these facts, I would hold that the lower court did not err in concluding that plaintiff is generally able to lead his normal life.[2]

_____

[2] "Absent an outcome-determinative genuine factual dispute, the issue of threshold injury is now a question of law for the court. MCL 500.3135." *Kern* [*v Blethen-Coluni,* 240 Mich App 333 (2000)], *supra* at 341. Here, the trial court's finding of fact is reviewed for clear error, MCR 2.613(C), while its ultimate legal conclusion is reviewed de novo. *Id.* at 344 n 3.

_____

WEAVER, J., concurs and states as follows:

Although I dissented from the decision in *Kreiner v Fischer,* 471 Mich 109 (2004), under the facts of this case I concur in the decision to reverse the judgment of the Court of Appeals and reinstate the judgment of the circuit court.

CAVANAGH and KELLY, JJ., would deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 13, 2006

d0110

Clerk